Michael J. Holmes

1431 Delgado Street

San Antonio, TX 78207

(626) 373-4331

Plaintiff Pro Se Litigant

RECEIVED

JUN - 2 2021

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

SA21CA0517 FB

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

SAN ANTONIO DIVISION

| | |
|---|---|
| Michael J. Holmes | Civil Docket No. |
| Plaintiff(s), | Verified Complaint |
| vs. | Complaint For: |
| Orlando L. Garcia | Violation of the |
| Defendants | Plaintiffs 14th Amendment |
| | Rights |

**Introduction**

This suit is being filed under Title 42 United States Code Standard 1983 ("Section 1983")

alleging violations of the Plaintiffs Fourteenth Amendment equal protection rights . This lawsuit

request for injunctive relief and declaratory relief.

---

The Defendant has violated the Plaintiffs Fourteenth Amendment, equal protection rights, during

a pending lawsuit which has caused a controversy. The defendant actions  are controversial,

with four pending lawsuits  that each have different controversial claims which are a result of

violation of the Privileges or immunities clause is Amendment XIV Section 1, Clause 2 of the

United States Constitution  that states " No states shall make or enforce any law which **shall**

**abridge the privileges or immunities of citizens of the Unite States".** The four  Defendants in

the four lawsuits negligence and omission  abridged **the privileges or immunities of** the

Plaintiff which caused controversy between the Plaintiff and the those defendants.

---

Denial of the Plaintiffs constitutional and civil rights are not a judicial function and conflicts

with any definition of a judicial function.

This complaint will include  case references and cases where judges were held  accountable

when their knowing and willing action fell outside the boundaries of their job description.   That

failure to follow simple guidelines of their position makes a judges actions no longer a judicial act but an individual act as the act represents their own prejudices and goals .

Case law states that when a judge acts as a trespasser of the law, when a judge does not follow the law, they  lose subject matter jurisdiction and the judge's orders are void , of no legal force or affect.

Monetary Damages can be recovered from a judge if the Plaintiff can  prove that the judge acted beyond his or her legal; jurisdiction .  It is in fact possible to obtain **relief in equity** against a judge.

---

---

## **Jurisdictional Basis**

I. Plaintiff claims federal jurisdiction pursuant to Article III  which extends the jurisdiction to cases arising under the U.S. Constitution.

II. Plaintiff brings this suit against the Defendant, pursuant to title **42 U.S. Code 1983** for violations of protections, guaranteed to him by fourteenth amendment of the federal constitution.

III. Plaintiff Michael J Holmes is a natural person residing at 1431 Delgado Street, San Antonio TX 78207

IV. Defendant is Orlando L. Garcia. 655 E. Cesar E. Chavez Blvd., San Antonio, TX 78206

---

The Plaintiff alleges the defendant, acting under color of state law, deprived plaintiff of a right guaranteed under the United States Constitution or a federal statue.

---

## Statement of Case

**Title 42 U.S. Code 1983** Every person who, under color of any statue, ordinance, regulation custom or usage of any state of territory subjects, or causes subjected to , any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the constitution and laws, shall be liable to the party injured in an action at law and suit in equity.

Due to the negligent act of the Defendant, the controversy between the Plaintiff and Defendant has intensified and will continue to intensify which will cause irreparable harm and a inadequacy of damages to the Plaintiff. Due to the negligent act of the Defendant the controversy between the Plaintiff and the City of San Antonio Airport, the City Of San Antonio, James Knopp and the Coty of San Antonio Office Of Risk Management has intensified and caused irreparable harm and a inadequacy of damages to the Plaintiff.

The controversy surrounding the Defendants actions include:

1) Falsification of a Government Document. Chapter 73 of Title 18 of the United States Code under Sarbanes -Oxley Act-Anyone who knowingly falsifies documents to "Impede, obstruct, or influence " an investigation shall be fined or face a prison sentence of up to 20 years (www.county.org, www.waltsanchez.com/blog). Falsifying documents is the act of intentionally changing or modifying information on a document with the intention of misleading a person or

company. Falsifying documents is a criminal offense that involves the altering, changing, modifying , passing or possessing of a document for an unlawful purpose.

It is considered a white collar crime and it can be included as part of other collateral crimes (Legal match-Law Library-Article). In Texas , it is illegal to use false information to alter, create , or sign a document for the purpose of harming or defrauding a person (Forgery-Tampering with a Government Record). You may be arrested for falsifying documents if you engage in any of the following Activities a) Altering or misrepresenting factual information  and or destroying information material to an investigation (TACA Annual Conference Falsification of a Government Document).

2) Penal Code 37.10 Tampering with a Government Record is knowingly making a false entry in a government document/record. When a person Intentionally destroys, conceals, removes, or otherwise impairs the verity of a government record. "ORR". Makes presents, or uses any record, document, or thing with knowledge of its falsity and with intent that it be taken as a genuine government record (www.codes.findlaw.com).

3)Fraud is any illegal act characterized by deceit, concealment, or violation of trust.

4)Forgery is creating or altering a document with the intent to defraud someone. Altering document without the permission, such as changing the date or time on a document (www. texasdefensefirm.com)

5) 49 CFR 1570.5- Fraud and intentional falsification of records. No Person may make cause to be made, attempt , or cause to attempt any of the following: (a) Any fraudulent or intentionally false statement in any record or report that is kept, made, or used to show compliance with the subchapter, or exercise any privileges under this chapter. (b) Any reproduction  or alteration, for

fraudulent purpose, of any record, report, security program , access medium, or identification medium issued under this subchapter or pursuant to standards in the subchapter (www.law.cornell.edu).

6)<u>Title 8 Chapter 37 Sec. 37.03 Aggravated Perjury</u>.  The person commits perjury if the false statement is made in connection with an official proceeding.  This offense, under this section is a felony of the third degree(Acts 1973, 63rd Leg., p. 883, ch. 399, sec. 1, eff. Jan.1, 1974. Amended by Acts 1993, 73rd Leg., ch. 900, Sec. 1.01, eff. Sept. 1, 1994)(www.statutues.capitol.texas.gov).

7)<u>Public Corruption</u> is a white collar crime- Public Corruption involves a breach of public trust and/ or abuse of position by federal, state, or local officials and their private sector accomplices. By broad definition of a government official, whether elected, appointed or hired may violate federal law when he/she asks, demands, solicits, accepts, or agrees to receive anything of value in return for being influenced in the performance of their official duties (www.law.cornell.edu).

---

**First Controversial issue**

The Defendant stated "Plaintiff Michael J. Holmes, proceeding pro se, filed these four cases on March 16, 2021 by filing Motions to Proceed IFP". That is a false statement by the Defendant.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS

Michael J. Holmes
1431 Delgado
San Antonio  TX US  78207

Case: 5:21-cv-00275
Instrument: 7
mgr

Attorneys admitted to practice in the Western District of Texas
must register for electronic filing.

Attorneys granted permission to appear pro hac vice must
immediately register for electronic filing.

For Pro Se/Prisoner Filers:  You are not required to file
electronically or register for e-mail notification, however,
non-prisoner pro se litigants may petition the Court for
permission to electronically file.

For all these matters, please visit our website at:
www.txwd.uscourts.gov/CMECF

Filed **FILED**

April 26, 2021

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____ JL

DEPUTY

## UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MICHAEL J. HOLMES, | § | |
| *Plaintiff,* | § | |
| | § | |
| *v.* | § | |
| | § | Civil Action No. 5:21-cv-00267-OLG |
| CITY OF SAN ANTONIO AIRPORT, | § | |
| *Defendant.* | § | |
| | § | |
| ------------------------------------- | § | |
| MICHAEL J. HOLMES, | § | |
| *Plaintiff,* | § | |
| | § | Civil Action No. 5:21-cv-00274-OLG |
| *v.* | § | |
| | § | |
| CITY OF SAN ANTONIO, | § | |
| *Defendant.* | § | |
| | § | |
| ------------------------------------- | § | |
| MICHAEL J. HOLMES, | § | |
| *Plaintiff,* | § | Civil Action No. 5:21-cv-00275-OLG |
| | § | |
| *v.* | § | |
| | § | |
| JAMES KNOPP, | § | |
| *Defendant.* | § | |
| | § | |
| ------------------------------------- | § | |
| MICHAEL J. HOLMES, | § | |
| *Plaintiff,* | § | |
| | § | Civil Action No. 5:21-cv-00276-OLG |
| *v.* | § | |
| | § | |
| CITY OF SAN ANTONIO OFFICE OF | § | |
| RISK MANAGEMENT, | § | |
| *Defendant.* | § | |

### ORDER

On this day, the Court considered the status of the above-captioned cases. Pursuant to 28

U.S.C. § 636(b)(1)(B), United States Magistrate Judge Richard B. Farrer issued Report and

1

Recommendations (the "R & Rs") that 5:21-cv-267, 5:21-cv-274, and 5:21-cv-275 be consolidated for all purposes. *See* docket no. 3. Likewise, Magistrate Judge Elizabeth S. Chestney issued a Report and Recommendation (the "R & Rs") that 5:21-cv-276 also be consolidated with the above-captioned cases. *See* docket no. 3. Plaintiff has filed objections to each R & R.

When a party objects to a magistrate judge's recommendation, the Court must make a *de novo* determination as to those portions of the recommendation to which an objection is made. *Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 646 (5th Cir. 1994); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Having reviewed the record and the applicable law, the Court finds that each R & R is correct, and that these cases should be consolidated.

Plaintiff Michael J. Holmes, proceeding *pro se*, filed these four cases on March 16, 2021 by filing Motions to Proceed IFP. *See* docket no. 1. All four lawsuits stem from a car accident at San Antonio Airport on January 12, 2021 in which Plaintiff sustained injuries. Plaintiff filed essentially identical complaints against each of the above-captioned Defendants. As a result, the R & Rs recommend consolidation of all four cases pursuant to Federal Rule of Civil Procedure 42(a).

Plaintiff objects to the consolidation as he believes that each case will require different evidence and different questions. He bases this assertion on the fact that the Defendants have distinct roles in the accident. For instance, he asserts that he is suing Defendant Knopp for his role in signing paperwork from the City of San Antonio, which he distinguishes from the role that Defendant San Antonio Airport played in allegedly causing this accident. *See* docket no. 6.

The Court, however, agrees with both Magistrate Judge Farrer and Magistrate Judge Chestney that consolidation is appropriate in this instance. Rule 42(a) provides that if "actions

2

Michael J. Holmes

1431 Delgado
~~Drive Ez Hillside Drive~~

San Antonio TX 78207
~~West Covina CA 91790~~

(626) 373-4331

Plaintiff Pro Se Litigant

RECEIVED

MAR 1 5 2021

CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT TEXAS
BY _____

### UNITED STATES DISTRICT COURT

### WESTERN DISTRICT OF TEXAS

Michael J. Holmes

          Plaintiff(s),

    vs.

San Antonio Airport

          Defendants

Case Number:

Complaint

SA21CA0267OG

RECEIVED

MAR 1 8 2021

CLERK
WESTERN DISTRICT
BY

Michael J. Holmes
1431 Delgado
Dorbothewater
San Antonio, TX 98207

(626) 373-4331

Plaintiff Pro Se Litigant

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

Michael J. Holmes                           Case Number:

        Plaintiff(s),                       Complaint

    vs.                          SA21CA02750G

James Kopp (11679780)

        Defendants

Michael J. Holmes
1431 Delgado
~~Unit 2102~~
San Antonio, TX 78207
~~~~

(626) 373-4331

Plaintiff Pro Se Litigant



## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF TEXAS

Michael J. Holmes

        Plaintiff(s),

  vs.

City Of San Antonio Office of Risk Management.

        Defendants

Case Number:

Complaint

SA21CA0276

JKP

Michael J. Holmes
1431 Dolorodo
~~Sutilo dotadatioso~~
San Antonio, TX 98207
~~West colorado adatrol~~

RECEIVED

MAR 1 6 2021

CLERK, U.S. DISTRICT CLERK
WESTERN, TX

(626) 373-4331

Plaintiff Pro Se Litigant

## UNITED STATES DISTRICT COURT

### WESTERN DISTRICT OF TEXAS

Michael J. Holmes

      Plaintiff(s),

vs.

City Of San Antonio

      Defendants

Case Number:

Complaint

SA21CA0274 FB

**The Controversy is:**

The Defendant intentionally changed and modified the information regarding the Plaintiffs complaint. The Defendant changed and modified the information regarding the Plaintiffs complaint with the intention of misleading the federal court. The Defendant knowingly made a false entry regarding the Plaintiffs complaint. The Defendant violated the Plaintiffs trust by engaging in actions of deceit and concealment of the facts presented in the Plaintiffs complaint. The Defendant made a fraudulent and intentional false statement on a/any record that is kept (Report and Recommendation order on March 30th 2021 and on the order, ordered on May 7th, 2021).

The Defendants action are a breach of public trust and abuse the Defendants position. The Defendant made a false statement in connection to an official proceeding.

Falsification of a Government Document. Chapter 73 of Title 18 of the United States Code under Sarbanes -Oxley Act. Falsifying documents is the act of intentionally changing or modifying information on a document with the intention of misleading a person or company.

Penal Code 37.10 Tampering with a Government Record is knowingly making a false entry in a government document/record

Fraud is any illegal act characterized by deceit, concealment, or violation of trust.

49 CFR 1570.5- Fraud and intentional falsification of records. No Person may make cause to be made, attempt , or cause to attempt any of the following: (a) Any fraudulent and or intentionally false statement in any record or report that is kept

Public Corruption is a white collar crime- Public Corruption involves a breach of public trust and/ or abuse of position by federal, state, or local officials and their private sector accomplices

Title 8 Chapter 37 Sec. 37.03 Aggravated Perjury. The person commits perjury if the false statement is made in connection with an official proceeding. This offense, under this section is a felony of the third degree(Acts 1973, 63rd Leg., p. 883, ch. 399, sec. 1, eff. Jan.1, 1974. Amended by Acts 1993, 73rd Leg., ch. 900, Sec. 1.01, eff. Sept. 1, 1994)(www.statutues.capitol.texas.gov).

---

## Second Controversial issue

The Defendant states "After reviewing the R&Rs and the record , the court agrees that these cases meet all five factors. The action are presently pending in the same court with the same Plaintiff. Despite Plaintiffs' assertion, there will be common questions of law and fact for all four cases, as they arise out of the same accident. The court disagrees with Plaintiff that consolidation will risk either prejudice or confusion. and Finally, consolidation will certainly promote judicial economy".

Filed **FILED**

April 26, 2021

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____ JL
DEPUTY

### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MICHAEL J. HOLMES,<br>    *Plaintiff,*<br><br>*v.*<br><br>CITY OF SAN ANTONIO AIRPORT,<br>    *Defendant.* | § § § § § § § § § | Civil Action No. 5:21-cv-00267-OLG |
| ----------------------------------------<br>MICHAEL J. HOLMES,<br>    *Plaintiff,*<br><br>*v.*<br><br>CITY OF SAN ANTONIO,<br>    *Defendant.* | § § § § § § § § | Civil Action No. 5:21-cv-00274-OLG |
| ----------------------------------------<br>MICHAEL J. HOLMES,<br>    *Plaintiff,*<br><br>*v.*<br><br>JAMES KNOPP,<br>    *Defendant.* | § § § § § § § § § | Civil Action No. 5:21-cv-00275-OLG |
| ----------------------------------------<br>MICHAEL J. HOLMES,<br>    *Plaintiff,*<br><br>*v.*<br><br>CITY OF SAN ANTONIO OFFICE OF<br>RISK MANAGEMENT,<br>    *Defendant.* | § § § § § § § § | Civil Action No. 5:21-cv-00276-OLG |

### ORDER

On this day, the Court considered the status of the above-captioned cases. Pursuant to 28

U.S.C. § 636(b)(1)(B), United States Magistrate Judge Richard B. Farrer issued Report and

1

Recommendations (the "R & Rs") that 5:21-cv-267, 5:21-cv-274, and 5:21-cv-275 be consolidated for all purposes. *See* docket no. 3. Likewise, Magistrate Judge Elizabeth S. Chestney issued a Report and Recommendation (the "R & Rs") that 5:21-cv-276 also be consolidated with the above-captioned cases. *See* docket no. 3. Plaintiff has filed objections to each R & R.

When a party objects to a magistrate judge's recommendation, the Court must make a *de novo* determination as to those portions of the recommendation to which an objection is made. *Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 646 (5th Cir. 1994); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Having reviewed the record and the applicable law, the Court finds that each R & R is correct, and that these cases should be consolidated.

Plaintiff Michael J. Holmes, proceeding *pro se*, filed these four cases on March 16, 2021 by filing Motions to Proceed IFP. *See* docket no. 1. All four lawsuits stem from a car accident at San Antonio Airport on January 12, 2021 in which Plaintiff sustained injuries. Plaintiff filed essentially identical complaints against each of the above-captioned Defendants. As a result, the R & Rs recommend consolidation of all four cases pursuant to Federal Rule of Civil Procedure 42(a).

Plaintiff objects to the consolidation as he believes that each case will require different evidence and different questions. He bases this assertion on the fact that the Defendants have distinct roles in the accident. For instance, he asserts that he is suing Defendant Knopp for his role in signing paperwork from the City of San Antonio, which he distinguishes from the role that Defendant San Antonio Airport played in allegedly causing this accident. *See* docket no. 6.

The Court, however, agrees with both Magistrate Judge Farrer and Magistrate Judge Chestney that consolidation is appropriate in this instance. Rule 42(a) provides that if "actions

2

before the court involve a common question of law or fact, the court may . . . consolidate the

actions." Fed. R. Civ. P. 42(a). Courts should consider the following five factors in determining

whether consolidation is appropriate: (1) whether the actions are pending in the same court; (2)

whether there are common parties; (3) whether there are common questions of law or fact; (4)

whether there is risk of prejudice or confusion versus a risk of inconsistent adjudications if the

cases are tried separately; and (5) whether consolidation will promote judicial economy. *See*

*Parker v. Hyperdynamics Corp.*, 126 F. Supp. 3d 830, 835 (S.D. Tex. 2015) (citing *Frazier v.*

*Garrison I.S.D.*, 980 F.2d 1514, 1531 (5th Cir. 1993)).

After reviewing the R & Rs and the record, the Court agrees that these cases meet all five

factors. The actions are presently pending in the same court with the same Plaintiff. Despite

Plaintiff's assertion, there will be common questions of law and fact for all four cases, as they

arise out of the same accident. The Court disagrees with Plaintiff that consolidation will risk

either prejudice or confusion. And, finally, consolidation will certainly promote judicial

economy. Accordingly, the R & Rs in each case are hereby ADOPTED, and the four cases will

be consolidated into the first-filed case, which is Cause Number 5:21-cv-00267-OLG-RBF.

**IT IS THEREFORE ORDERED** that the R & Rs are **ADOPTED**, and 5:21-cv-00274-

OLG-RBF, 5:21-cv-00275-OLG-RBF, and 5:21-cv-276-OLG-ESC are **CONSOLIDATED** into

5:21-cv-00267-OLG-RBF. **IT IS FURTHER ORDERED** that 5:21-cv-00274-OLG-RBF, 5:21-

cv-00275-OLG-RBF, and 5:21-cv-276-OLG-ESC are **ADMINISTRATIVELY CLOSED.**

It is so **ORDERED**.

**SIGNED** this  26th  day of April, 2021.

ORLANDO L. GARCIA
Chief United States District Judge

3

The Defendant references case Parker v. Hyperdynamics Corp., 126 F. Supp. 3d 830, 835 (S.D. Tex. 2015) (citing Frazier v. Garrison I.S.D., 980 F.2d 1514, 1531 (5th Cir.1993). This case involves the Plaintiff requesting that the Plaintiff cases be consolidated and the court denied the Plaintiffs request and dismissed the case.

The case reference that was given by the Defendant to justify why consolidation will promote judicial economy is irrelevant to the Plaintiffs controversial claims in the four cases. The Defendant did not provide the Plaintiff a reason for instilling the promotion of judicial economy in this case. The Defendant conclusionary statement to allow judicial economy in this case is without a legal cause.

**The Controversy is:**

The Defendant knowingly made a false entry regarding instilling the promotion of judicial economy in the Plaintiffs cases. The Defendant violated the Plaintiffs trust by engaging in actions of deceit and concealment of the facts presented in the Plaintiffs complaint. The Defendant made a fraudulent and intentional false statement in (any record that is kept). The Defendants action are a breach of public trust and abuse the Defendants position. The Defendant made a false statement in connection to an official proceeding.

Falsification of a Government Document. Chapter 73 of Title 18 of the United States Code under Sarbanes -Oxley Act. Falsifying documents is the act of intentionally changing or modifying information on a document with the intention of misleading a person or company.

Penal Code 37.10 Tampering with a Government Record is knowingly making a false entry in a government document/record

Fraud is any illegal act characterized by deceit, concealment, or violation of trust.

49 CFR 1570.5- Fraud and intentional falsification of records.No Person may make cause to be made, attempt , or cause to attempt any of the following: (a) Any fraudulent and or intentionally false statement in any record or report that is kept

Public Corruption is a white collar crime- Public Corruption involves a breach of public trust and/ or abuse of position by federal, state, or local officials and their private sector accomplices

Title 8 Chapter 37 Sec. 37.03 Aggravated Perjury. The person commits perjury if the false statement is made in connection with an official proceeding. This offense, under this section is a felony of the third degree(Acts 1973, 63rd Leg., p. 883, ch. 399, sec. 1, eff. Jan.1, 1974. Amended by Acts 1993, 73rd Leg., ch. 900, Sec. 1.01, eff. Sept. 1, 1994)(www.statutues.capitol.texas.gov).

---

## Case Study

1) In 2015-2016, City of El Paso's Internal Audit Office assisted TX in reviewing the expenditures on the selective Traffic Enforcement Program award to the City Of EL Paso. After a detailed audit, 24 El Paso Police officers were identified that might have violated the STEP Grant Guidelines. 24 officer were referred to El Paso County District Attorney's Office. 17 Officers were indicted by the District Attorney's Office. The 17 officers were charge with "Falsifying a Government Document" for listing false information on the Daily Log Sheets used to report their overtime. The items identified as falsified including the following a) Hours worked, b) units used, c) location d) Old Ticket, e) Equipment used. The EPPD lost 17 highly

trained Police Officers. The City of EL Paso received $38,677.25 in restitution, and numerous daily newspaper articles were written and TV shows were done on the incident(TACA Annual Conference Falsification of a Government Document).

---

**References:**

1. **Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987); and Abagninin v. AMAVAC Chem. Corp., 545 F.3d 733,742-43 (9th Cir.2008)** which states the court's authority includes sua sponte dismissal of claims against defendants who have not been served and defendants who have not yet answered or appeared.

The Plaintiff was unable to find the Defendants home address. The Defendant serve the Defendant via mail at (1) Orlando L. Garcia. 655 E. Cesar E. Chavez Blvd., San Antonio, TX 78206. The Plaintiff prays the case is not dismissed if the Defendant fails to respond. The Plaintiff will have documents that show the day and time the documents were served to all locations.

The two clerks (Natasha and I a forgot the other clerks name) at the Federal Court building located at 655 E. Cesar E. Chavez Blvd., San Antonio, TX 78206 tells the Plaintiff when he files a lawsuit requesting a fee waiver to not serve the Defendant until the Fee Waiver has been accepted.

---

2. Zumani v Carnes, 491 F.3d 990, 996 (9th Cir.2007) (internal quotation marks and citation omitted). When considering whether a complaint states a claim, a court must accept as true all of

the material factual allegations in it . Hamilton v. Brown, 630 F.3d 889, 892-93 (9th Cir. 2011).

The court, however, does not have to accept as true allegations that are unwarranted deductions

of facts, or unreasonable inferences. In re Gilead Scis.Sec.Litig., 536 F.3d 1049, 1055 (9th Cir.

2008) states although a complaint does not need to include factual allegations, it must contain

sufficient factual matter, accepted as true, to state a claim to relief that is plausible on it face."

Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011) (quaoting reference Ashcroft v. Iqbal, 556

U.S. 662, 678 (2009)). A claim is deemed facially plausible when it "allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged."This claim provides

sufficient information of underlying facts to give fair notice and to enable the Defendant to

defend effectively (Starr v. Baca, 652 F.3d 1202, 1216 ((9th Cir.2011)).

 The Plaintiff has provided the Defendant the facts on every controversial claim.

3.Lopez vs Smith 203.f3d 1122, 1126-30 (9th Cir.2000). In the result where the court finds the

complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with

or without leave to amend.  Leave to amend should be granted if it appears possible the defects

in the complaint could be corrected , especially if the plaintiff is pro se. ID. at 1130-31; see also

Cato v. United States, 70 F3d 1103, 1106 (9th Cir.1995).

The Plaintiff prays, that if there is something that is not correct in this complaint, that the court

will allow the Plaintiff to amend it. The Plaintiff is working hard trying to make this process go

smoothly for the court. Please give the Plaintiff the opportunity to amend anything that is not

correct.  "Woods v. Carey, 525 F.3d 886,889-90 (9th Cir.2008) (citation omitted).

4.Kentucky v. Graham, 473 U.S. 159, 169-70 (1985) ; Edelman v. Jordan, 415 U.S. 651 (1974);

Ex Parte Young, 209 U?.S. 123 (1908). State officials sued in their official capacity, the Eleventh

Amendment immunizes state officials sued in their official capacity from claims for retrospective relief (including monetary damage claims) but does not immunize them from claims for prospective relief (such as forward-looking injective relief).

5.  42 U.S.C. 1983; see West v. Atkins, 487 U.S. 42, 48 (1988).  In order for a Plaintiff to make a claim for a civil rights violation under section 1983, the Plaintiff must allege that a particular defendant, acting under color of state law, deprived plaintiff of a right guaranteed under the United  States Constitution or a federal statue.

6.Swarthout v. Cooke, 562 U.S. 216,219 (2011). The analysis of due  process "proceeds in two ways: We first ask whether there exists a liberty or property interest of which a person has been deprived , and if so we ask whether the procedures followed by the estate were constitutionally sufficient."

7.City of Cleburne, Tex. v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985). "The Equal Protection Clause of the fourteenth Amendment commands that no state shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarity situated should be treated alike (quoting Plyler v. Doe, 457 U.S. 202, 216 (1982).

Following the Due Process guidelines is a law the Defendant did not follow for the Plaintiff.

8.FED.R.CIV.P.8(a),(d) (a complaint must contain a "short and plain statement of the claim showing the pleader is entitled to relief," and " each allegation must be simple, concise, and direct").

Short statement- The Defendant has caused a controversy by violating the Plaintiffs Fourteenth Amendment, equal protection rights, during a pending lawsuit. The defendant actions are controversial, with four pending lawsuit that each have different controversial claims.

Requested Relief- Injunctive Relief, Declaratory Relief

9.Broadman v. Commission on Judicial Performance (1998) 18 Cal.4th 1079, 1090 [77 Cal.Rptr.2d 408, 959P.2d 715] (Broadman).)" Evidence of a charge is clear, and convincing so long as there is a 'high probability' that the charge is true."

---

## Reference:  Judges Held Accountable

### 1) Judge Kelly A. MacEachern

Orange County Superior Court since 2003

Charged with making false and misleading statements

Commission on Judicial Performance ordered that the judge be removed from her judicial office and disqualified from acting as a judge.

### 2) Judge James M. Brooks

Orange County Municipal Court since 1986

(Haluck v. Ricoh Electronics, Inc. (2007) 151 Cal.App.4th 994.)

Misconduct committed while presiding over the trial:

a) "Overruled" signs

b)The Twilight Zone

The judge gave free rein to the defendant lawyer to deride and make side remarks at will, at the expense of the Plaintiff, which violates canon 3b(3).

c) Comments During the reading of Stevenson Deposition

Commission on Judicial Performance ordered public admonishment

3) **Judge Moruza**

Alameda County Superior Court

Misconduct committed while presiding over the trial:

a) Comments in People v. Rupple

Commission on Judicial Performance ordered public admonishment

4) **Judge Coats**

San Diego County Superior Court

Misconduct committed:

1 Judge Coats ' Prior Discipline and Guidance

2) Judge Coats' Abuse of the Prestige of Judicial Office and Misuse of Court Resources

Commission on Judicial Performance ordered public admonishment

5) **Judge O 'Flaherty**

Placer County

Misconduct Committed in case: Herold v. Golden 1 Credit Union (Super. Ct. Placer County, No. RSC13621)

Commission on Judicial Performance ordered public censure

1)Finding concerning the hearing before Judge O'Flaherty

2)Finding Concerning Evidence of Threats or Intimidation

3) Finding concerning Issuance of an order

4) Findings Concerning Embroilment and Due Process Violation

5) Prior Discipline

6) Willful misconduct: Un judicial conduct that is committed in bad faith by a acting judge in their judicial capacity.(Broadman, supra, 18 CAl.4th at p. 1091.)

7) Failure to comply with the California Code of Judicial Ethics canons of judicial ethics is generally considered to constitute un judicial conduct. (Adams v. Commission of Judicial Performance(Adams)(1994) 8 Cal.4th 630, 662 [34 Cal.Rptr.2d 641, 882 P.2d 358].) The judge violated canons 1( a judge shall uphold the integrity of the judiciary), 2A (a judge shall respect and comply with the law), 3B(2) ( a judge shall be faithful to the law and 3B(7) (a judge shall accord every person who has a legal interest in the preceding the right to be heard.

8) Judge acts in bad faith (1)performing judicial acts knowing that that act is beyond the judges lawful judicial power

Respectfully Submitted

Michael Holmes

1431 Delgado Street

San Antonio, TX 78207

(626) 373-4331

---

## **Statement of Verification**

I have read the above complaint and it is correct to the best of my knowledge.

Michael Holmes

1431 Delgado Street

San Antonio, TX 78207

(626) 373-4331